UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZOHAIB MUHAMMAD,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2501

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.13.) In an Order entered on September 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the June 3, 2026, bond hearing on September 14, 2026. (Resp., ECF No. 5; Recording of Jun. 3, 2026, Bond Hearing, filed on Sep. 14, 2026.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Pakistan who entered the United States in 2000. (Form I-213, ECF No. 5-1, PageID.260.) On May 13, 2026, Petitioner was arrested by ICE agents. (*Id.*) At the time of his arrest, Petitioner held valid Deferred Action for Childhood Arrivals (DACA) status. (*Id.*)

On June 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Bond Order, ECF No. 5-3, PageID.264.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond because Petitioner "is a flight risk." (*Id.*)

On July 9, 2026, the Immigration Court ordered Petitioner removed to Pakistan. (Removal Order, ECF No. 5-4, PageID.267.) Petitioner has filed an appeal of that order, which remains pending. (Resp., ECF No. 5, PageID.245.) [1]

[1] The materials submitted by the parties do not suggest that Petitioner is subject to a final order of removal. Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i). For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (discussing that a final removal order becomes administratively final when the BIA denies an appeal of it); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Because Petitioner's appeal to the BIA remains pending, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. *See Johnson*, 594 U.S. at 533 ("The parties agree that § 1226 governs the detention of aliens until § 1231's 'removal period' begins.").

## III. Analysis

Petitioner held valid DACA status at the time of his arrest. (Form I-213, ECF No. 5-1, PageID.260.) Petitioner claims that his detention violates his Fifth Amendment due process rights. Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has addressed these issues and Respondents' arguments in *Castro v. Raycraft*, 824 F. Supp. 3d 646 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Castro*, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[2]

---

[2] Respondents also argue that the Court should dismiss Petitioner's petition because the United States District Court for the Southern District of Texas previously dismissed Petitioner's earlier § 2241 petitions challenging the Immigration Court's bond decision. *See* Jul 23, 2026, Order on Dismissal, *Muhammad v. Mullin*, 4:26-cv-5787 (S.D. Tex. July 23, 2026), ECF No. 5-6; Aug. 6, 2026, Order on Dismissal, *Muhammad v. Frink*, 4:26-cv-6140 (S.D. Tex. Aug. 6, 2026), ECF No. 5-8. The Court disagrees.

It is well-settled that traditional *res judicata* principles do not apply to federal habeas proceedings. *Sanders v. United States*, 373 U.S. 1, 7-8 (1963); *Salinger v. Loisel,* 265 U.S. 224, 230 (1924) (holding that, under common law, "each application is to be disposed of in the exercise of a sound judicial discretion guided and controlled by a consideration of whatever has a rational bearing on the propriety of the discharge sought. Among the matters which may be considered, and even given controlling weight, are * * * a prior refusal to discharge on a like application" (internal citation omitted)). Moreover, as the Sixth Circuit explained in *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763 (6th Cir. 2008):

> Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 (2000) habeas petitions, courts may decline to address claims brought repeatedly. 28 U.S.C. § 2244(a) (Judges need not hear challenges to a petitioner's detention "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, . . ."). However, § 2244(a) applies to claims that have not only been brought by the petitioner, but have actually been heard and decided by the court. *Sanders* [, 373 U.S. at 12] ("[Section] 2244 is addressed only to the problem of successive applications based on grounds previously heard and decided.").

*Id.* at 765.

Here, the present application for habeas relief differs significantly from Petitioner's petitions before the Southern District of Texas, which challenged the result of Petitioner's bond hearing,

## IV. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will

---

not Petitioner's initial detention in light of his DACA status. There is also nothing to suggest that the Southern District of Texas ever considered the legality of Petitioner's initial arrest and detention. *See* Jul 23, 2026, Order on Dismissal, *Muhammad v. Mullin*, 4:26-cv-5787 (S.D. Tex. July 23, 2026), ECF No. 5-6; Aug. 6, 2026, Order on Dismissal, *Muhammad v. Frink*, 4:26-cv-6140 (S.D. Tex. Aug. 6, 2026), ECF No. 5-8. Accordingly, the Court will consider Petitioner's claim "in the exercise of a sound judicial discretion." *Salinger*, 265 U.S. at 230.

order Respondents to immediately release Petitioner from custody. The Court will also order Respondents to file a status report within three days of the issuance of the Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

Dated: September 28, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge